**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-05-1126-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Kevin D. O'Rourke, | ) ) | |
| Defendant. | ) ) ) | |

Defendant Kevin O'Rourke has been charged in Count 1 of the Indictment with distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(3) and 2256. Count 2 charges Defendant with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256. On November 1, 2005, Magistrate Judge Virginia Mathis denied Defendant's request for pretrial release under the Bail Reform Act of 1984, 18 U.S.C. § 3142 ("Act"). Defendant has asked this Court to review Judge Mathis' decision and to release him pending trial. *See* Doc. #13.

The Court has reviewed Defendant's motion, the Government's response, Defendant's reply, and their attachments. Docs. ##13, 16, 19. The Court has listened to a recording of the hearing before Judge Mathis and has reviewed a pretrial services report and two supplements in which the pretrial services officer recommends that Defendant be detained as a danger to the community. On January 10, 2006, the Court held a hearing and heard oral argument by counsel and statements by Defendant's mother (Donna O'Rourke), aunt (Barbara O'Rourke), and uncle (Michael Plant).

### A.  Legal Standards.

This Court's review of Judge Mathis' detention decision is *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. Under the Act, Defendant must be detained if the Court, following a hearing, finds that no condition or combination of conditions will reasonably assure his appearance at trial and the safety of the community. 18 U.S.C. § 3142(e).

The Government contends that Defendant O'Rourke should be detained under the Act as both a danger to the community and a flight risk. The Government must prove that Defendant is a danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f). It must prove he is a flight risk by a preponderance of the evidence. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

In this case, statutory law establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. This presumption is found in § 3142(e) and arises from Defendant having been charged with distribution of child pornography in violation of § 2252A(a)(3). The statutory presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the Government. *See United States v. Mercedes*, 254 F.3d 433, 435-36 (2d Cir. 2001). Even if Defendant produces rebuttal evidence, however, the presumption remains a factor to be weighed in conducting the detention analysis. *Id. See also United States v. Ward*, 63 F.Supp.2d 1203, 1209 (C.D. Cal. 1999).

Some courts hold that a detention order may be entered only in the six categories of cases identified in § 3142(f)(1)-(2). *See, e.g., United States v. Byrd*, 996 F.2d 106, 110 (5th Cir. 1992). The parties do not address this requirement, but the Court concludes that it is satisfied in any event. One of the categories identified in § 3142(f) is a "crime of violence." *See* § 3142(f)(1)(A). A "crime of violence," in turn, includes any felony under chapter 110

of the United States criminal code, *see* 18 U.S.C. § 3151(a)(4)(C), and chapter 110 includes distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(3). Thus, even if detention is permitted only in the six categories of cases identified in § 3142(f), the Court concludes that this is such a case. Defendant is charged in Count 1 with a crime of violence within the meaning of § 3142(f)(1)(A).

### B. Should Defendant Be Detained as a Danger to the Community?

The Act identifies four general factors to be considered in deciding whether a defendant should be detained: the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g). The Court will address each of these factors in turn.

#### 1. The Nature and Circumstance of the Offense Charged.

As already noted, distribution of child pornography is a crime of violence. *See* 18 U.S.C. §§ 3156(a)(4)(C), 2252A(a)(3). Facts proffered by the Government demonstrate the seriousness of the offense charged in this case.

Defendant's computer was found to contain more than 600 images of child pornography. These images were saved on Defendant's hard drive and available to be downloaded by other users conducting a "Limewire" search. The images included a photograph of a very young girl, with hands bound and mouth gagged, being vaginally penetrated by a dog. Other images showed children being raped and sexually abused by adults. Titles of the images reflect bestiality, incest, and abuse involving children.

Possessing such images and making them available for distribution to others is justifiably recognized as a crime of violence. As will be discussed further below, the spread of child pornography and the related exploitation of children has caused Congress to impose ever-harsher penalties and criminal procedures.

#### 2. Weight of the Evidence Against Defendant.

Defense counsel has not challenged the presence of these images on Defendant's computer or the fact that he made them available for distribution. Defendant's possession

- 3 -

and distribution of this material were discovered by an FBI agent conducting a "Limewire" search.  A search warrant resulted in the seizure of Defendant's computer.  The images were found on the computer.  Thus, it appears that the weight of the evidence against Defendant is substantial.  The Ninth Circuit has stated that this factor is the least important of the factors identified in § 3142(g), *see United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986), but it is, nonetheless, a factor to be considered in a detention decision.

### 3. The History and Characteristics of Defendant.

Section 3142(g)(3) identifies a number of factors to be considered in evaluating Defendant's history and characteristics.  Defense counsel proffered, and the Government does not contest, that Defendant has been a stable member of the Phoenix community for 15 years, is the father of three healthy and accomplished children, maintains a positive relationship with his former wife, provides regular financial support for his children, has no prior criminal history, and has been a well-regarded employee of a local business for many years.  The support of Defendant's family was clear from statements made by his mother, aunt, and uncle at the hearing on January 10, 2006.

On the other hand, evidence presented by the Government suggests that Defendant purposefully acquired and saved images of horrific child abuse.  The evidence also suggests that he made these images available for distribution to others.  Additional evidence suggests that Defendant has a drinking problem that may contribute to his involvement in child pornography.  The Government also notes that federal law will require Defendant, if found guilty, to register as a sex offender and thereby provide notice to the community of his involvement in abusive pornography, but that pretrial release would afford no similar notice.

### 4. The Nature and Seriousness of the Danger to the Community.

As noted above, the Act establishes a rebuttable presumption that Defendant is dangerous to the community.  *See* 18 U.S.C. § 3142(e).  Moreover, as the Government has noted, Congress has found that child pornography plays a central role in the exploitation and abuse of children.  There can be no doubt that those who consume this material

1 encourage its production, as there can be no doubt that the production of such materials
2 involves the abuse of children.  Congress has also found that child pornography
3 stimulates the sexual appetites and encourages the activities of child molesters and
4 pedophiles. *See* S. Rep. No. 104-358, at 12 (1996).  Thus, even though the Government
5 does not allege that Defendant has personally engaged in the abuse of children, his
6 involvement in child pornography, which appears to be fueled in part by alcohol, clearly
7 contributes to the continuation and spread of this crime with its damaging consequences
8 for children.

### 5.   Analysis of the Relevant Factors.

10      Even assuming Defendant has satisfied his burden of production and thereby
11 rebutted the statutory presumption of detention, the Court concludes that Defendant must
12 be detained.  Factors 1, 2, and 4 favor detention, and factor 3 appears evenly balanced.
13 The Court finds that the Government has established by clear and convincing evidence
14 that Defendant is a danger to the community.  The Court bases this conclusion on the large
15 number of images Defendant retained and made available for distribution, the
16 extraordinarily abusive nature of some of those images, Congressional findings that the
17 distribution of child pornography promotes the abuse of children and constitutes a crime
18 of violence, Defendant's past involvement with alcohol and his tendency to become
19 involved in such pornography while under its influence, the statutory presumption of
20 detention (considered as a separate factor, not as a presumption), and the fact that a
21 pretrial release would not provide the community with any of the protections deemed
22 necessary by Congress with respect to individuals involved in child pornography.

23      Defendant cites several cases in support of his argument that release should be
24 granted.  *See, e.g., Byrd*, 969 F.2d 106; *United States v. Friedman*, 837 F.2d 48 (2d Cir.
25 1988); *United States v. Ownby*, 1996 WL 32145 (W.D. Va. Jan. 16, 1996).  These cases,
26 however, predate the recent enactments of Congress on the subject of child pornography
27 and abuse. *See, e.g.,* Prosecutorial Remedies and Other Tools to End the Exploitation of
28 Children Today Act of 2003 (PROTECT Act), Pub. L. 108-21, 117 Stat. 650.  They also

concern the question of whether distribution of child pornography is a crime of violence, a question now settled by statute. Detention decisions are highly fact-specific. The Court cannot conclude that the release of other individuals on similar charges requires a release in this case.

### C. Should Defendant Be Detained as a Flight Risk?

The Court also concludes that the Government has established by a preponderance of the evidence that Defendant is a flight risk. This conclusion is based on the substantial sentence Defendant faces if found guilty at trial (in excess of 15 years), two comments made to his work supervisor that he was thinking of fleeing the country, and the statutory presumption of a flight risk (considered as a separate factor, not as a presumption). The Court also notes that Defendant recently sold his house and that his ability to return to work at his previous place of employment is uncertain. The Court does not doubt the sincerity of family members who offered to supervise Defendant. Weighing these considerations by a preponderance of the evidence standard, however, the Court concludes that the Government has satisfied its burden of persuasion.

### D. Conclusion.

The Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant at trial or the safety of the community. *See* 18 U.S.C. § 3142(e).

**IT IS ORDERED:**

1. Magistrate Judge Mathis' Order of Detention is **affirmed**.

2. Defendant's Motion to Reconsider Denial of Conditions of Release (Doc. #13) is **granted** insofar as Defendant seeks *de novo* review of Judge Mathis' decision, but **denied** insofar as Defendant seeks release pending trial.

DATED this 12th day of January, 2006.

David G. Campbell
United States District Judge